# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
 **Mara B. Levin |Partner**

Landline: (212) 885-5292
Mobile: (917) 656-4656
Fax: (917) 332-3778
Email:  mara.levin@blankrome.com

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

Re:     ***New York City Transit Authority v. Westfield Fulton Center, LLC.***
         **Case No. 1:24-cv-1123(LGS)**

Dear Judge Schofield,

This firm represents Defendant and Counterclaim Plaintiff Westfield Fulton Center LLC ("Westfield") in the above-referenced action (the "Action"). Pursuant to section I(D) of Your Honor's Individual Rules and Procedures for Civil Cases, Westfield respectfully requests that the following filing be permitted to contain limited redactions:

- Ex. B to Westfield's Answer and Counterclaims, the Partial Final Award dated August 2, 2023 (the "Partial Final Award").

The Partial Final Award contains information concerning rents paid and/or negotiated by third-party subtenants in the Fulton Transit Center as well as rental concessions afforded to these subtenants by Westfield. If disclosed, this sensitive financial information could put Westfield at a competitive disadvantage in the New York commercial real estate market. The redactions reflected in the Partial Final Award have already been (i) agreed to by NYCTA in a related litigation, and (ii) permitted by the Supreme Court of the State of New York under New York state's standards in that same related litigation. Westfield seeks to protect the same information here, with identical redactions. A copy of the redacted Partial Final Award as well as a sealed copy of the Partial Final Award, highlighting the text that Westfield seeks to redact, will be filed contemporaneously herewith.

## I.     Background

The Partial Final Award was issued in August 2023 in connection with an arbitration between Westfield, and the Plaintiff in this Action, New York City Transit Authority ("NYCTA") as well as Metropolitan Transit Authority ("MTA") (AAA Case No. 01-21-0001-9107) (the "Arbitration"). As part of the Arbitration, Westfield, NYCTA, and MTA agreed to limit the use and disclosure of certain confidential and/or proprietary information. In September 2022, NYCTA

# BLANKROME

March 8, 2024
Page 2

and MTA filed a motion to seal portions of the Partial Final Award in the state court proceeding that confirmed the Partial Final Award. (*See* N.Y. Sup. Ct. N.Y. Cnty. Index No. 450428/2021). Westfield joined in that motion, arguing that the proposed redactions "include[d] the findings and testimony of Westfield's Director of Development Finance and expert witness Richard Fricke" and included "the actual negotiated rent amounts, and certain concessions that Westfield provides to its tenants[.]" (A copy of Westfield's counsel's affirmation in support of that motion is attached as **Exhibit A**.)

By Decision and Order dated December 6, 2022, Justice Joel M. Cohen of the Supreme Court of the State of New York, New York County, Commercial Division, granted NYCTA and MTA's motion to seal, allowing the filing of the Partial Final Award with the identical redactions that Westfield seeks to input here. (A copy of the New York State Court's Decision and Order granting the motion to seal is attached as **Exhibit B**.)

## II.     The Limited Redactions in the Partial Final Award Protect Westfield and NYCTA's Competitive Advantage in the New York Commercial Real Estate Market

The redactions reflected in the Partial Final Award are necessary to prevent disclosure of highly confidential leasing terms, including rents paid by third-party subtenants at the Fulton Transit Center and rental concessions afforded by Westfield. (*See* Ex. B.) Courts in this Circuit "consistently seal competitive business information, including non-public information concerning settlements, financial performance, and business practices and strategies." *Waite v. Umg Recordings, Inc.*, 1:19-cv-01091-LAK, 2023 U.S. Dist. LEXIS 182470, *5-6 (S.D.N.Y. Oct. 5, 2023) (collecting cases).

Disclosure of the financial information reflected in the Partial Final Award would serve to publicize Westfield's financial dealings with third parties and business strategies, harming both Westfield and NYCTA's competitive positions in the marketplace. *See In re 650 Fifth Ave. & Related Props.*, 08 Civ. 10934 (LAP), 2020 U.S. Dist. LEXIS 75236, *11-12 (S.D.N.Y. 2020) (discussing the prior sealing of financial information related to "attracting and retaining rent-paying tenants," "leasing commissions paid for the signing of new leases; advertising activities to attract tenants; tenant improvements, which are physical changes to rental space to make it ready for a new tenant to move in or to retain the existing occupant; and Building improvements for things such as necessary infrastructure repairs or to make vacant space that is not subject to a new lease attractive to prospective tenants.").

The proposed redactions in the Partial Final Award only seal the price terms and obvious references to their value, narrowly tailoring the sealing to serve and protect the parties' interest. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) ("Documents may be sealed if

# BLANKROME

March 8, 2024
Page 3

specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *see also Standard Chartered Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 616-617 (2d Cir. 2009). Moreover, the information sought to be redacted does not conceal from the public any of the material issues at the heart of this dispute, but merely certain financial information underlying the damages awarded in the Partial Final Award. *See id.* at 617. The redactions are narrowly tailored to protect confidential and proprietary information while ensuring that the substance of the dispute remains public.

For the reasons stated above, Westfield respectfully requests that it be permitted to redact and file under seal portions of the Partial Final Award. All counsel of record for Plaintiff NYCTA already have a copy of the unredacted Partial Final Award and should have access to the sealed filing on the ECF system.

Respectfully submitted,

*s/ Mara B. Levin*
Mara B. Levin

Application GRANTED.  "The common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing."  *Nielson Consumer LLC v. Circana Group, L.P.*, 22 Civ. 3235, 2024 WL 964598, at *2 (S.D.N.Y. Mar. 6, 2024).  The information Westfield seeks to redact is competitive business information, and the proposed redactions are narrowly tailored to maintain the confidentiality of that information.

The Clerk of Court is respectfully directed to close the motion at Dkt. 16 and to maintain Dkt. 19 under seal.

Dated: March 11, 2024
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**