```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                :
    NEW YORK CITY TRANSIT AUTHORITY              :
                                                :
                            Plaintiff,           :   Civ. No. 24-cv-1123 (LGS)
            -v-                                  :
                                                :   CIVIL CASE
    WESTFIELD FULTON CENTER LLC                  :   MANAGEMENT PLAN
                                                :   AND SCHEDULING
                            Defendant.           :   ORDER
------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties <u>do not consent</u> to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties <u>have</u> conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       <u>No</u>

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
       <u>No</u>

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
       <u>No</u>

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       <u>No</u>

4.     Alternative Dispute Resolution/Settlement

    a.     <u>The parties have not yet engaged in meaningful settlement discussions.</u>

    b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        <u>The Parties have not yet reached agreement on an informal exchange of information that would aid early settlement.</u>

    c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        <u>The Parties have not yet agreed to propose an alternate dispute resolution mechanism for this case.</u>

    d.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        <u>The Parties propose providing the Court with a proposal on potentially utilizing the alternate dispute resolution mechanism designated in paragraph 4(c) following the Court's decision as to NYCTA's motion for a preliminary injunction.</u>

    e.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.     No additional parties may be joined without leave of Court.

6.     Amended pleadings may not be filed without leave of Court.

7.     Pursuant to the Court's Order (ECF No. 39), initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) were completed <u>on April 30, 2024</u>.

8.     Fact Discovery

                                                                               **August 30, 2024**

    a.     All fact discovery shall be completed no later than ~~September 12, 2024~~.

    b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>June 1, 2024</u>.

    c.    Documents responsive to the initial requests for production of documents shall be substantially produced by June 28, 2024, and shall be produced no later than July 19, 2024.

        Do the parties anticipate e-discovery?  Yes.

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by July 12, 2024.

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~September 12, 2024~~. **August 30, 2024**

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by August 1, 2024.

    **g.**    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery

    a.    Anticipated types of experts if any:

        The Parties do not anticipate experts at this time but reserve their rights to engage in expert discovery and present expert evidence.

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than N/A.

    c.    If you have identified types of experts in question 9(a), by N/A the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case is not to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is 4 to 5 days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    <u>Presently pending before the Court is NYCTA's motion for preliminary injunction (ECF No. 14), which is fully-briefed, (*see* ECF Nos. 13, 35, 44, 52.) In its motion, NYCTA seeks a preliminary injunction enjoining Westfield, until this action is adjudicated on the merits, from ceasing operations at Fulton Center and terminating the Lease. Westfield opposes NYCTA's motion for a preliminary injunction. (ECF No. 35.) Pursuant to the Court's Order (ECF No. 40), the parties have submitted a joint letter identifying disputed factual issues that must be resolved in order to decide the Motion. (ECF No. 52 at 7.) The Court has set a hearing on NYCTA's preliminary injunction motion for June 24, 2024.</u>

    <u>As indicated in its April 11, 2024 pre-motion letter (ECF No. 46), NYCTA intends to file a motion to dismiss all of Westfield's counterclaims. Westfield opposes NYCTA's proposed motion to dismiss. (ECF No. 51.) Pursuant to the Court's Order (ECF No. 53), NYCTA will file its motion to dismiss no later than May 10, 2024. Westfield will file its opposition no later than May 30, 2024, and NYCTA will file its reply no later than June 7, 2024.</u>

13. Status Letters and Conferences

    a. By <u>July 16, 2024</u>, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By ~~September 26, 2024~~ **September 13, 2024** the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On ~~October 3, 2024~~ **September 18, 2024**, at a time to be determined by the Court, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

4

This Order may not be modified nor the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

SO ORDERED.

Dated: May 3, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

*Counsel for the New York City Transit Authority*

/s/ *Gregory F. Laufer*
Gregory F. Laufer
Cesar Riviere
1285 Avenue of the Americas
New York, New York 10019-6064
glaufer@paulweiss.com
criviere@paulweiss.com

Lina Dagnew
2001 K street, NW
Washington D.C., 20011
ldagnew@paulweiss.com

**BLANK ROME LLP**

*Counsel for Westfield Fulton Center, LLC*

/s/ *Mara B. Levin*
Mara B. Levin
Gregory P. Cronin

1271 Avenue of the Americas
New York, New York 10020
mara.levin@blankrome.com
gregory.cronin@blankrome.com