```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
NEW YORK CITY TRANSIT AUTHORITY,                             :
                                        Plaintiff,           :
                                                             :     24 Civ. 1123 (LGS)
             -against-                                       :
                                                             :            ORDER
WESTFIELD FULTON CENTER LLC,                                 :
                                        Defendant.           :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Westfield Fulton Center LLC moves to seal exhibits filed in connection with Defendant's opposition to Plaintiff New York City Transit Authority's motion for a preliminary injunction and motion to dismiss Defendant's counterclaims. Specifically, Defendant moves to redact portions of the parties' lease and a contract filed as exhibits supporting Defendant's opposition to the motion for a preliminary injunction and to redact portions of the parties' lease filed as an exhibit supporting Defendant's opposition to the motion to dismiss Defendant's counterclaims.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *accord Olson*, 29 F.4th at 88.  Instead, the document must be "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.  A document is "relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

WHEREAS, a determination of whether a record is a judicial document turns on the nature of court authority invoked by the parties.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the [document] would materially assist the public in understanding the issues before the . . . court.").  For example, motions submitted to the court "at least on their face, call upon the court to exercise its Article III powers."  *Brown*, 929 F.3d at 50.

WHEREAS, both motions at issue were denied without a decision on their merits and without prejudice to later renewal because the parties are engaged in ongoing settlement negotiations.

WHEREAS, "[e]ven assuming the motion[s] and attached materials in this case were 'judicial documents,' the presumption of public access is weaker because the motion[s] w[ere] denied as moot."  *In re IBM Arb. Agreement Litig.*, 76 F.4th at 85.  Where a motion is denied as moot without a decision on the merits, "[t]he confidential documents thus had no role in the exercise of Article III judicial power."  *Id*.

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ."  *Lugosch*, 435 F.3d at 120.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner,

3

are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*, 2021 WL 1541385, at *2.

WHEREAS, Defendant seeks limited redactions to each document at issue. Defendant's letters state that the proposed redactions concern confidential business and financial information, which if disclosed, would put Defendant at a competitive disadvantage in the New York real estate market. The letters state that other redactions concern business information that, if disclosed, may compromise general safety of the property at issue in this action. A review of the proposed redactions confirms those representations. Previous requests to seal similar information in this case have been granted.

WHEREAS, as described in prior sealing orders in this case, the proposed redactions are narrowly tailored to protect against competitive harm and to protect public safety, which outweighs the presumption of access accorded to these filings. Defendant's motions to seal propose limited redactions to specific information within the documents. It is hereby

**ORDERED** that the sealing motions at Dkt. Nos. 33 and 65 are **GRANTED**.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 33 and 65.

Dated: February 6, 2025
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE